IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSCAR GARCIA,

    Petitioner,

v.                                                                                                                          No. 16-cr-1601 RB
                                                                                                                        No. 21-cv-0988 RB-JFR

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Oscar Garcia's Amended Motion to Modify Term of Imprisonment Under 18 U.S.C. 3582(c)(1)(A) and to Appoint Counsel. (CV Doc. 4.) Defendant seeks compassionate release on the ground that his plea was involuntary and that the Criminal Information contains a defective charge. Having carefully reviewed the record and applicable law, the Court will deny the Motion.

**I.    Background**

In 2016, Garcia pled guilty to Conspiracy to Possess with the Intent to Distribute 500 Grams or More of a Mixture Containing Methamphetamine (21 U.S.C. § 846) and Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)). (CR Doc. 107.) If convicted at trial, Garcia's guideline range would be about 27 to 33 years in prison. (CR Doc. 125 at 14.) The parties agreed to a sentence of 15 years pursuant to a Rule 11(c)(1)(C) Plea Agreement. (*Id.*; *see also* CR Doc. 107.) At the time of the plea, Garcia had been imprisoned for two years in the State of Oklahoma. (CV Doc. 4 at 2.) The Plea Agreement states the Government "will not oppose two (2) years of the sentence in this case to run concurrent to the *remaining* prison sentence that [Garcia] is serving in Oklahoma . . . ." (CR Doc. 107 at 6.) Counsel for the Government used the same language at

the Plea Hearing to affirm this agreement. (CR Doc. 132 at 10.) Garcia alleges his counsel assured him he would receive a 15-year sentence, reduced by two years for time spent in state custody. (CV Doc. 4 at 2.) Garcia contends he accepted the plea based on this advice and expected to be released after 12 years in continuous confinement (including the time served in state custody before entry of the federal plea). (*Id.*)

Garcia moved to withdraw his plea before sentencing. (CR Doc. 129.) He argued the Magistrate Judge lacked authority to accept a guilty plea and that his plea was involuntary. The Court denied the motion, finding the plea was voluntary and plea counsel rendered effective assistance. (CR Doc. 134.) By a Judgment entered April 10, 2018, the Court sentenced Garcia to 180 months on Counts 1 and 2, to be served concurrently. (CR Doc. 144.) The Judgment provides that "pursuant to the Plea Agreement, two (2) years of the pronounced sentence is to run concurrent to the remaining prison sentence the defendant is serving in the state of Oklahoma . . . ." (*Id.*) Garcia filed a direct appeal, and the Tenth Circuit affirmed. By an order entered June 22, 2020, the Supreme Court denied certiorari relief. (CR Doc. 213.) Garcia's conviction became final on the same day. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

Garcia filed the instant motion over 15 months later, on October 28, 2021.[1] The motion seeks compassionate release because:

(1) Garcia has not received credit for state confinement that occurred before the federal sentencing and his plea is involuntary;

---

[1] Garcia filed multiple versions of the same motion. He filed his first motion October 8, 2021. (CV Doc. 1.) The only discernable difference is that some motions attach Garcia's BOP request for compassionate release, and some do not. (*Compare* CV Doc. 3 and CV Docs. 1; 4.) The Court construes the most recent motion filed October 28, 2021 (CV Doc. 4), which attaches the BOP request, as the dispositive pleading in this matter.

2

      (2) Plea Counsel provided inaccurate assurances with respect to the Plea Agreement; and

      (3) Count 2 of the Criminal Information is defective and therefore failed to confer jurisdiction on this Court.

(CV Doc. 4 at 1-5.) Garcia asks the Court to appoint counsel and reduce the sentence to time-served. (*Id.* at 6.) The Bureau of Prisons Inmate Locator reflects that Garcia is 51 years old, and his current release date is November 9, 2031. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Feb. 9, 2022). The Court will consider how to construe the motion and whether to appoint counsel before turning to Garcia's request for relief.

## II. Discussion

### A. The Court will construe the motion as labeled but declines to appoint counsel.

A defendant's "claim that his guilty plea was involuntary as a result of ineffective assistance of counsel . . . [is] properly brought under [28 U.S.C. §] 2255." *United States v. Clark*, 198 F.3d 259, at *2 (10th Cir. 1999). The same is true with respect to any defect in the charging documents. The Tenth Circuit recently found that the "proper vehicle to raise [an] argument [regarding a defective indictment] [i]s a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, not a compassionate-release motion under § 3582(c)(1)(A)." *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021).

Ordinarily, the Court would give notice that it intends to recharacterize Garcia's Motion as a habeas claim. The Clerk's Office used the Motion to open a civil habeas case for that purpose. However, the Court discerns Garcia has specifically considered § 2255 and only wishes to pursue compassionate release. This decision appears to have been made with the assistance of an attorney ghost-writer, and likely because the habeas limitation period has expired. The Motion is

3

typewritten, uses the same form as many recent compassionate release pleadings drafted by the Federal Public Defender (FPD), and contains sophisticated language and citations. It also explicitly acknowledges § 2255 relief. The Motion alleges Garcia "forwarded to the Court a [separate § 2255] motion" on May 25, 2021, but the "Court has not corresponded with [him] regarding that motion, and the status is unknown." (CV Doc. 4.) The docket contains no evidence of such motion.[2] In any event, Garcia intentionally chose not to proceed under § 2255 and will limit its review to compassionate release.

As to the request for counsel, there is no constitutional right to counsel beyond the direct appeal of a conviction. *See Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994). When exercising its "broad discretion" to decide whether to appoint counsel beyond this period, the district court "should consider . . . the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The issues are not complex, and as noted below, there are no grounds for compassionate release. The Court will therefore deny Garcia's request for a formal appointment of counsel.

**B.   Compassionate release is not warranted here.**

Generally, "a federal court may not modify a term of imprisonment once imposed." *United*

---

[2] This the second recent case involving a suspected ghostwriter and an alleged multi-month gap between the mailing and filing of a § 2255 motion. In *Yepa v. United States*, 20-cv-1092 WJ-KBM, a then-FPD attorney named himself as the ghostwriter and attempted to draft a "pro se" § 2255 petition that allegedly arrived at the Court 19 months after its mailing. The Court (Hon. William Johnson) issued an Order to Show Cause, and the matter is pending.

If Garcia in fact mailed a § 2255 motion to the Court before March 21, 2021, as he contends, the matter may be resolved via prison mail logs. If however, any attorney continues ghost-writing in this case without an appointment and advises Garcia to back-date an otherwise time-barred filing, **such ethical violation by the attorney will not be overlooked**.

*States v. Wilson*, 493 F. App'x 919, 921 (10th Cir. 2012) (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). Congress has provided a limited exception to this rule and allowed for certain "compassionate release" sentence modifications under 18 U.S.C. § 3582(c)(1)(A). The Court may reduce a sentence under this provision if a defendant administratively exhausts his request and three other requirements are met. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The Court must find: (1) "extraordinary and compelling reasons warrant such a reduction; (2) . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable[,]" support the reduction. *Id.*  "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others. But when a district court grants a motion for compassionate release, it must of course address all three steps." *Id.* at 1043.

Garcia attaches his BOP request for compassionate release, demonstrating that the exhaustion requirement is met. As to step one, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including . . . a list of specific examples." 28 U.S.C. § 994(t). *See also United States v. Saldana*, 2020 WL 1486892, at *2 (10th Cir. 2020) (looking to Sentencing Commission factors to define extraordinary and compelling reasons for release).  However, the Sentencing Commission has not updated its list of examples since § 3582 was amended by the First Step Act. *McGee*, 992 F.3d at 1045. The Court is currently not bound by the Sentencing Commission's description. *McGee*, 992 F.3d at 1045. Courts "have the authority to determine for themselves what constitutes

5

'extraordinary and compelling reasons," using Sentencing Commission policy statements as "guideposts . . . under the second part of the statutory test." *Id.*

Assuming without deciding that defects in the plea and Information can be grounds for compassionate relief, these circumstances are not extraordinary or compelling, nor are they consistent with the Sentencing Commission policy statements. Garcia was facing 27 to 33 years if convicted at trial, and the Plea Agreement reduced that number to 15. He could have raised his current arguments in a timely § 2255 proceeding and diligently followed up on that proceeding, rather than recharacterizing time-barred habeas arguments into a § 3582 filing. Moreover, if Garcia feels the BOP is incorrectly calculating his concurrent sentences, he can also file a 28 U.S.C. § 2241 habeas proceeding in the district of confinement. Based on the totality of circumstances in this case, the first two steps of the compassionate relief test are not met.

Compassionate release is also not consistent with the relevant factors in § 3553(a). Such factors include the nature of the offense, the history of the defendant, the guideline range, and the need to avoid sentencing disparities among similar offenders. Garcia has a fairly long history of distributing drugs. In the instant case, he was supervising the distribution of drugs and money laundering from jail. (CR Doc. 107.) He received a very favorable plea deal in light of the possible guideline range. Reducing that sentence to time-served, with almost 11 years left on his sentence, would place him at a significant advantage over similar offenders and undermine the goals of federal sentencing law. For these reasons, the Court will deny the Motion and administratively close the associated habeas case (No. 21-cv-0988 RB-JFR). This ruling is limited to the request for compassionate release and has no impact on any separate habeas proceedings.

**IT IS ORDERED** that Oscar Garcia's Amended Motion to Modify Term of Imprisonment Under 18 U.S.C. 3582(c)(1)(A) and to Appoint Counsel (**CV Doc. 4**) is **DENIED**; and the Clerk's Office shall administratively close the associated civil habeas case (No. 21-cv-0988 RB-JFR).

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE